IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DARRON ANTOINE DEWAYNE TAYLOR,** § § § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:19-CV-1911-L-BN** |
| § | |
| **LORIE DAVIS, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § § | |
| Respondent. § | |

# ORDER

On September 16, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 22) was entered, recommending that the court deny Petitioner's pro se application for writ of habeas corpus (Doc. 3) that was brought pursuant to 28 U.S.C. § 2254. Petitioner was granted two extensions to file objections to the Report. On January 3, 2022, the court received Petitioner's objections and his Motion to Stay or Abeyance of Habeas Proceedings (Docs. 28, 29).

In his habeas petition, Petitioner contends that the Texas Court of Criminal Appeals unreasonably adjudicated his claims that: (1) the trial court erred in overruling his objections made pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986) [Ground 1]; (2) the evidence supporting his conviction is legally insufficient [Ground 5]; and (3) his trial and appellate counsel violated his Sixth Amendment right to effective assistance of counsel [Grounds 2, 3, and 4]. In his objections to the Report, Petitioner continues to argue that the denial of his *Batson* challenge constituted error. He also contends that the magistrate judge applied the wrong legal standard in reviewing this claim. In

Order – Page 1

his Motion to Stay, Petitioner further contends that, contrary to the Report, he exhausted his *Batson* claim in state court and also raised it in his habeas application. In addition, he asserts that, even if unexhausted, the magistrate judge erred in determining that this claim is procedurally barred. Petitioner, therefore, contends that this action should be stayed to give him time to pursue any unexhausted claim.

Having considered Petitioner's habeas application, his Motion to Stay, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections, as they are without merit; **denies** his Motion to Stay (Doc. 28); **denies** his Petition for Writ of Habeas Corpus (Doc. 3); and **dismisses with prejudice** all claims asserted by him in this action.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a)  Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b)  Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

 **It is so ordered** this 4th day of January, 2022.

            Sam A. Lindsay
            United States District Judge